751 A.2d 597

LYONS, DOUGHTY & VELDHUIS, P.C., PLAINTIFF–APPELLANT, v. WILLIAM M.E. POWERS, JR., CHARTERED, DEFENDANT–RESPONDENT/THIRD–PARTY PLAINTIFF, v. HOUSEHOLD FINANCE CORPORATION III, THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted April 12, 2000—Decided May 23, 2000.

Before Judges STERN, KESTIN and WEFING.

*Kozlov, Seaton, Romanini, Brooks & Greenberg,* attorneys for appellant (*James Greenberg,* of counsel, *William P. Fitzgerald,* on the brief).

*Madden, Madden & Del Duca,* attorneys for respondent (*Damien O. Del Duca,* on the brief).

The opinion of the court was delivered by

WEFING, J.A.D.

Plaintiff appeals from a trial court order dismissing its complaint for failure to state a claim. *R.* 4:6–2(e). We affirm.

We set forth the underlying facts based upon the recitation of facts contained in plaintiff's complaint. Defendant is a law firm that was retained by Federal National Mortgage Association (FNMA) to initiate and prosecute a foreclosure action, *Federal National Mortgage Association v. Hardy Woods, et al.* Household Finance Corporation III (HFC) held a subordinate mortgage on the affected property and retained plaintiff law firm to represent its interests in that foreclosure action. HFC did not dispute FNMA's right to foreclose on the subject property but anticipated that the sale of the property would generate sufficient funds to satisfy both FNMA's and HFC's mortgages.

Plaintiff did not file a non-contesting answer to the foreclosure complaint, which would have assured entitlement to notification of the scheduling of a sheriff's sale. *R.* 4:65–2. It did have several communications with personnel at defendant firm, however. On three occasions, the attorney handling the matter for plaintiff wrote to defendant, asking for a payoff figure. On each occasion, defendant supplied the necessary information.

In addition, staff of the two offices communicated by telephone. Plaintiff stresses telephone conversations that occurred on June 11 and 12, 1997. On June 11, a secretary at plaintiff's firm named Agnes Lenhart called defendant firm to ask about the status of the foreclosure sale. She spoke to a secretary named Jennifer, who told Ms. Lenhart they had not yet received notification of a sale date. On the following day, Jennifer again spoke to Ms. Lenhart and told her they did not anticipate receiving information about the date of sale for approximately two weeks. On June 13 and 18, 1997 plaintiff's personnel again requested payoff information, which defendant provided on June 19, 1997.

The sheriff's sale was conducted on June 20, 1997. Because plaintiff was not aware the sale was scheduled for that day, it did not attend. The final price that was bid did not provide sufficient funds to satisfy the mortgages held by both FNMA and HFC. To prevent its client, HFC, from incurring a loss, plaintiff advanced to it the $17,000 difference between the surplus received at the sale and the amount necessary to pay off HFC's second mortgage. Plaintiff then sued defendant, seeking to be made whole for that advance. Plaintiff's complaint relied on a theory of negligence; it made no allegation of an intentional misrepresentation.

■ After filing an answer and third-party complaint against HFC, defendant moved to dismiss for failure to state a claim. The standard governing analysis of a motion to dismiss for failure to state a claim is well known. The complaint must be examined "in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." *Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 *N.J.* 739, 746, 563 *A.*2d 31 (1989). "Courts should grant these motions with caution and in 'the rarest instances.'" *Ballinger v. Delaware River Port Auth.*, 311 *N.J.Super.* 317, 322, 709 *A.*2d 1336 (App. Div.1998), quoting *Printing Mart, supra,* 116 *N.J.* at 772, 563 *A.*2d 31. Even measured by that stringent standard, the trial court correctly granted defendant's motion.

Plaintiff points to *Petrillo v. Bachenberg,* 139 *N.J.* 472, 655 *A.*2d 1354 (1995) and *Malewich v. Zacharias,* 196 *N.J.Super.* 372, 482 *A.*2d 951 (App.Div.1984) and stresses that in both cases, an attorney was found liable to a non-client. Both are distinguishable, however.

In *Petrillo,* the Supreme Court ruled that an attorney for the seller of a parcel of real estate could be held liable to a prospective purchaser based upon the attorney's actions in compiling a facially-misleading composite report of percolation tests performed on the land. In reaching that conclusion, the Court noted that "when courts relax the privity requirement, they typically limit a lawyer's duty to situations in which the lawyer intended or should have foreseen that the third-party would rely on the lawyer's work." 139 *N.J.* at 482, 655 *A.*2d 1354. Further, the Court stressed that the attorney in that case "controlled the risk that the composite report would mislead a purchaser." *Id.* at 487, 655 *A.*2d 1354. Here, if any party was in a position to control the risk, it was plaintiff who could have learned of the date of sale by either merely calling the sheriff's office directly, or filing a non-contesting answer. It did neither, however. Defendant had no reason to foresee that plaintiff would rely upon informal conversation between staff members in deciding how best to protect its client's interests in this property.

In *Zacharias, supra,* 196 *N.J.Super.* at 377, 482 *A.*2d 951, this court held that an attorney could be held liable to a former adversary who had been compelled to make his client whole after a default judgment had been entered against the client. That default judgment was entered, however, when the attorney affirmatively misled the trial court about whether his adversary intended to appear to contest the divorce action scheduled for trial. *Id.* at 376, 482 *A.*2d 951. As we noted, however, plaintiff in this action makes no allegation of intentional misrepresentation on defendant's part.

■ Plaintiff argues that the actions of defendant's staff in some manner violated the Rules of Professional Conduct. We do

not have to determine whether we agree with that statement, for even if such were to have occurred, it would not serve as a sufficient basis to impose tort liability upon defendant. *Baxt v. Liloia,* 155 *N.J.* 190, 714 *A.*2d 271 (1998).

Finally, plaintiff relies upon principles enunciated in *Strawn v. Canuso,* 140 *N.J.* 43, 657 *A.*2d 420 (1995) and the concept of *respondeat superior.* As to the latter, it was never pleaded or urged below and we decline to consider it initially on appeal. As to the former, the case dealt with the duties of seller and broker to disclose to a prospective purchaser off-site conditions material to the transaction but not readily observable. Here, however, plaintiff could have confirmed the scheduled date for sale with a modicum of effort; it should not be permitted to point to defendant's staff to excuse its own inaction.

Affirmed.